DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| **GEORGE MOORE, as candidate for the 30th Legislature, COLLEEN CLARKE & VI ACTION GROUP, INC., as registered voters,** )<br>)<br>)<br>)<br>) | |
| Plaintiffs, ) | |
| v. )<br>)<br>) | Civil Action No. 2012-0096 |
| **JOHN ABRAMSON, JR., in his Official Capacity as the Supervisor of Elections, RUPERT W. ROSS, JR., in his Official Capacity as Chairman of the St. Croix District Board of Elections and Chairman of the Joint Board of Elections, the ST. CROIX BOARD OF ELECTIONS, in their OFFICIAL CAPACITY, and the JOINT BOARD OF ELECTIONS,** )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendants. ) | |

**Appearances:**
**Colleen Clarke,** *Pro Se,*
**George Moore,** *Pro Se*
St. Croix, U.S.V.I.

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the Order to Show Cause issued on January 30, 2014 (Dkt. No. 16), which ordered Plaintiffs George Moore, Colleen Clarke, and the V.I. Action Group, Inc. to show cause by February 18, 2014 why their Complaint against Defendants John Abramson, Jr., in his Official Capacity as the Supervisor of Elections, Rupert W. Ross, Jr.,

in his Official Capacity as Chairman of the St. Croix District Board of Elections and Chairman of the Joint Board of Elections, the St. Croix Board of Elections, in its Official Capacity, and the Joint Board of Elections, should not be dismissed as moot. (Dkt. No. 16). Plaintiffs did not respond to the Order to Show Cause.

Plaintiffs' Complaint, filed on September 19, 2012, sought to remove the name of Alicia "Chucky" Hansen from the voting ballot in the then-upcoming November 6, 2012 election. It also sought to remove her name from "any ballot in the future." (Dkt. No. 1). Plaintiff filed an Emergency Motion for a Temporary Restraining Order on October 30, 2012 and an Amended Motion on October 31, 2012, seeking to prevent Defendants from printing and placing Sen. Hansen's name on the November 2012 ballot. (Dkt. No. 13). The Motion for a TRO was denied on November 1, 2012. (Dkt. No. 14). Nothing further was filed by any of the parties in this matter.

Article III of the Constitution limits the federal courts to adjudication of actual, ongoing "[c]ases" or "[c]ontroversies." U.S. Const. art. III, § 2, cl. 1. "Courts enforce the case-or-controversy requirement through several justiciability doctrines," which include "standing, ripeness, mootness, the political-question doctrine, and the prohibition on advisory opinions." *Toll Bros., Inc. v. Twp. of Readington*, 555 F.3d 131, 137 (3d Cir. 2009). If "developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." *Blanciak v. Allegeny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996); s*ee also Cnty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (opining that a case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."); *Moore v. Consol. Edison Co. of N.Y., Inc.,* 409 F.3d 506, 510 (2d Cir. 2005)

(observing that "[t]he occurrence of the action sought to be enjoined normally moots the request for preliminary injunctive relief because this Court has no effective relief to offer once the action has occurred.") (internal quotation marks omitted).

Here, the November 2012 election at issue occurred sixteen months ago. Sen. Hansen's name was on the ballot and she was elected. This renders moot Plaintiffs' request that Senator Hansen's name be removed from the ballot for the November 2012 election, because the action sought to be enjoined has already occurred and the issue presented is thus no longer "live."

Similarly non-justiciable is Plaintiffs' request in their Complaint to remove Senator Hansen's name from "any ballot in the future" (Dkt. No. 1), because the Court finds that such a request is not ripe. The ripeness doctrine's "basic rationale is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements[.]" *Abbott Labs. v. Gardner,* 387 U.S. 136, 148 (1967), *overruled on other grounds, Califano v. Sanders*, 430 U.S. 99 (1977); *see also Peachlum v. City of York,* 333 F.3d 429, 433 (3d Cir. 2003) (in analyzing ripeness, the inquiry is whether plaintiffs have brought their claims at the right time, *i.e.*, whether the "dispute is sufficiently concrete" such that the Court could avoid issuing an advisory opinion); *Presbytery of N.J. of Orthodox Presbyterian Church v. Florio,* 40 F.3d 1454, 1463 (3d Cir. 1994) (opining that, to be ripe, there must be "a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts."). The requested removal of Senator Hansen's name from "any ballot in the future" presents precisely the problem that the ripeness doctrine is designed to address.

In view of the foregoing, this action will be dismissed on the grounds that it does not present justiciable issues in accordance with the case-or-controversy requirement of Article III of

the Constitution. An appropriate Order accompanies this Memorandum Opinion.

Date: March 10, 2014                                             _____/s/_____
                                                                  WILMA A. LEWIS
                                                                  Chief Judge